*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0441p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SCOTT E. MCKENNA,

      *Plaintiff-Appellee,*

    *v.*

No. 05-2650

CITY OF ROYAL OAK, a municipal corporation;
OFFICER P. CLONAN, Badge No. 168; OFFICER P.
EDGELL, Badge No. 208; OFFICER B. HONSOWETZ,
Badge No. 173, and POLICE OFFICER JOHN DOES,
jointly and severally,

      *Defendants-Appellants.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-74546—John Corbett O'Meara, District Judge.

Argued: October 31, 2006

Decided and Filed: November 28, 2006

Before: MOORE, ROGERS, and GIBSON, Circuit Judges.[*]

---

## COUNSEL

**ARGUED:** Joseph Nimako, CUMMINGS, MCCLOREY, DAVIS & ACHO, Livonia, Michigan, for Appellants. David R. Parker, CHARFOOS & CHRISTENSEN, Detroit, Michigan, for Appellee. **ON BRIEF:** Joseph Nimako, CUMMINGS, MCCLOREY, DAVIS & ACHO, Livonia, Michigan, for Appellants. David R. Parker, CHARFOOS & CHRISTENSEN, Detroit, Michigan, for Appellee.

---

## OPINION

---

    ROGERS, Circuit Judge. Officers Edgell and Honsowetz of the Royal Oak Police Department bring this interlocutory appeal from the district court's denial of summary judgment in an action brought pursuant to 42 U.S.C. § 1983. Because the officers' appeal of the denial of

---

[*] The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

qualified immunity rests on disputed facts, this court does not have jurisdiction over their interlocutory appeal.

I.

In the early morning of March 18, 2004, Scott McKenna was suffering from a seizure in his home in Royal Oak, Michigan. At that time, McKenna was a single father living with his three daughters, Alexandra, Samantha, and Jessica. Alexandra, his then fourteen-year-old daughter, called 911 and told the dispatcher that she thought her father may be having a seizure or choking. Officers Edgell and Honsowetz were dispatched to assist a man having trouble breathing. The officers arrived before any other emergency personnel. Alexandra directed the officers to McKenna's bedroom, where they found McKenna lying in bed.

The course of events after the officers entered McKenna's bedroom is disputed. Alexandra testified that she "couldn't see exactly what was going on" for some period, because she was talking to one of the officers. However, she also testified that this period was "for about a minute . . . . So I was standing there watching it all." According to Alexandra, the officers instructed Scott McKenna to get out of bed and to get dressed. McKenna got up and started to pick up his pants, but then sat back down on the bed and began to lie back down. Alexandra testified that the officers then "picked him up by his hands, and they like pulled him up from the ground and told him to put his pants on." McKenna then sat back down and, according to Alexandra, "was telling them to stop." According to Alexandra, the officers continued to try to get McKenna out of bed while McKenna "just laid back down." Finally, Alexandra testified, the officers handcuffed McKenna's wrists and ankles, and only then did McKenna begin struggling with them.

Contradicting the testimony offered by McKenna's daughter, the officers said that after they found McKenna unresponsive to verbal questioning, Officer Edgell placed his hand on McKenna's upper arm or shoulder to try to rouse him. Officer Edgell testified that when McKenna did rouse he immediately became aggressive and violent, pushing them and causing Officer Honsowetz to fall backwards. The officers asserted that it was necessary to handcuff McKenna because of his violent behavior.

Firefighters arrived as the officers were already restraining McKenna. Scott McKenna has no recollection of the events that took place during his seizure.

McKenna filed suit against the City of Royal Oak and Officers Edgell, Honsowetz, and an Officer Clonan.[1] McKenna's complaint asserted claims of assault and battery, deprivation of civil rights pursuant to § 1983, false arrest and imprisonment, and slander. The state law claims were remanded to state court, leaving only the § 1983 claim before the district court.

Before the district court, the defendants moved for summary judgment asserting that (1) McKenna failed to establish a cause of action against the individual officers because he was not arrested and the officers used reasonable force to restrain him; (2) the officers are entitled to qualified immunity; and (3) the City of Royal Oak is not liable because there is no evidence that the city's policy was the moving force behind the alleged constitutional violations. The district court ruled (1) that material questions of fact precluded summary judgment on the alleged Fourth Amendment violation; (2) that disputed issues of fact precluded summary judgment on the qualified immunity claim; and (3) that summary judgment was appropriate in favor of the City of Royal Oak on the municipal liability claim. The defendant officers appeal the district court's ruling denying

---

[1]With the agreement of the parties, the district court dismissed the claim against Officer Clonan because he was not personally involved in the events at issue.

summary judgment as to the alleged Fourth Amendment violation and the issue of qualified immunity to this court.

II.

*A. Qualified Immunity*

Because the arguments on the issue of qualified immunity presented in the officers' brief to this court rely exclusively on a disputed version of the facts, this court does not have jurisdiction to consider their appeal. "It is clear 'that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial.'" *Estate of Carter v. Detroit*, 408 F.3d 305, 307 (6th Cir. 2005) (quoting *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995)). "[D]enial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291, but only 'to the extent that it turns on an issue of law.'" *Id*. at 309 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Therefore, "[i]n this interlocutory appeal this court may review only 'purely' legal arguments." *Estate of Bing v. Whitehall*, 456 F.3d 555, 563 (6th Cir. 2006) (citing *Smith v. Cupp*, 430 F.3d 766, 772 (6th Cir. 2005)). Here, the district court denied the officers' Motion for Summary Judgment on qualified immunity solely because "disputed issues of fact make summary judgment inappropriate [on that claim]." While the officers assert that they "raise only the legal issue of whether the facts set forth by [McKenna] constitute a violation of clearly established law," all three arguments advanced by the officers on the issue of qualified immunity in fact rely on their own disputed version of the facts, not the facts as alleged by McKenna.

First, the officers argue that McKenna was not "seized" within the meaning of the Fourth Amendment. However, in making this argument the officers expressly rely on the contention that McKenna "was not aware of what was happening" during the incident, and therefore could not have his "freedom of movement restrained," as is required to constitute seizure. While this interpretation of the facts may be reasonable, it is contested. The officers simply ignore Alexandra McKenna's testimony that, before McKenna was handcuffed, while the officers were attempting to prevent him from lying back down in bed, McKenna "was telling them to stop" in words that she could understand. McKenna cites this evidence to show that he was aware of the restraint on his freedom of movement and that he placed the officers on notice of the fact "that he wished to be free of their interference."

Next, the officers argue that there was no constitutional violation because the officers did not act unreasonably in restraining McKenna. Again, the officers rely exclusively on a contested version of events to advance their position. The officers begin by noting that "when the officers attempted to assist [McKenna], he became violent and aggressive." However, this version of events conflicts with the story related by both Alexandra McKenna and her sister Samantha, who said that their father became aggressive only after the officers attempted to handcuff him.

Finally, the officers argue that they are entitled to qualified immunity because a reasonable officer in their position could not have known that his actions were unlawful or unreasonable. Again, rather than advancing a legal argument based on events as viewed most favorably to McKenna, the officers rely on their contention that they handcuffed McKenna because he first became "uncooperative, aggressive, and combative." This contradicts testimony favorable to McKenna which indicated that McKenna only became aggressive and combative after being handcuffed.

Just as before the district court, the officers have made arguments that hinge "on the court's acceptance of Defendants' version of the facts." It may be that purely legal arguments for granting qualified immunity relying on the facts taken in the light most favorable to McKenna could have been advanced in this case. However, because genuine issues of material fact regarding the officers'

qualified immunity claim do exist, and because the officers have in fact made no arguments concerning the denial of qualified immunity that do not rely on disputed facts, this court does not have jurisdiction over this part of their appeal.[2]

### B.  Pendent § 1983 Issue

The officers also argue that McKenna cannot satisfy the elements of a § 1983 claim because the officers were not acting under the color of state law during the incident with McKenna.  We do not reach the merits of this argument because, having held that there is no jurisdiction to consider the qualified immunity issues raised on appeal, we have no jurisdiction to consider this pendent § 1983 defense.

The officers do not present their color of state law argument as part of their qualified immunity defense; it is therefore properly before this court on interlocutory appeal only insofar as it is pendent to the officers' qualified immunity appeal.  "Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but, may be reviewed on interlocutory appeal if those issues are inextricably intertwined with matters over which the appellate court properly and independently has jurisdiction."  *Summers v. Leis*, 368 F.3d 881, 889 (6th Cir. 2004) (citations omitted).  This court has held that "jurisdiction over the qualified immunity issue also entitles us to review whether [plaintiff] put forth a prima facie § 1983 claim."  *Neuens v. City of Columbus,* 303 F.3d 667, 670 (6th Cir. 2002).  Conversely, in a case such as this, where the court does not have jurisdiction to consider the qualified immunity issues, the court necessarily has no jurisdiction to consider a pendent § 1983 question.

Furthermore, if it were possible to construe the officers' § 1983 defense as part of their qualified immunity argument, we would still not reach the merits of this argument because it was not properly presented to the district court.  *See Armstrong v. Melvindale*, 432 F.3d 695, 700 n.4 (6th Cir. 2006).

In their Motion for Summary Judgment before the district court, the defendants stated that the "existence of the first element [that Defendant was acting under the color of state law] is not in dispute."  Despite this complete concession of the issue in their brief to the district court, the defendants now assert that the issue was argued at the hearing on the summary judgment motion.  However, at the hearing, counsel for the defendants only briefly mentioned in the context of his argument that there was no Fourth Amendment seizure that the officers "did not use their authority granted by the City . . . to do what they did."  The district court had no reasonable basis for recognizing that the question of whether the officers were acting under the color of state law was before it; it is therefore not surprising that the court did not address this argument in its opinion.  Therefore, even if we had jurisdiction to do so, this court would decline to consider this question for the first time on appeal.

III.

The appeal is dismissed for lack of jurisdiction.

---

[2]This case is not like *Estate of Carter*, 408 F.3d at 310, where this court found that it could "ignore the defendant's attempts to dispute the facts and nonetheless resolve the legal issue, obviating the need to dismiss the entire appeal for lack of jurisdiction," because here the officer-defendants have in fact made no legal argument for qualified immunity which can be extracted from their reliance on disputed facts.