**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0588n.06

**No. 10-2062**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MOHAMED AJAMI, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Aug 19, 2011* |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DANIEL SAAB, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |

Before:  GUY, COOK, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge**.  Plaintiff-Appellee Mohamed Ajami and his former business partner, Hassan Harajli, were involved in a series of confrontations over several years.  This case stems from one such incident in which Ajami approached a stranger snooping around his yard and found him to be a process server employed by Harajli's attorney.  Their verbal confrontation resulted in various calls to 9-1-1 and, eventually, to Ajami's arrest for felonious assault.  After his acquittal on the assault charge, Ajami brought suit under § 1983 against several municipal actors, including the Defendant, a Dearborn City Police officer.  Before this Court is the district court's denial of summary judgment based on qualified immunity.  For the reasons stated below, we lack jurisdiction over the appeal.

# I. BACKGROUND

## A.    Factual Background

According to Ajami, he and his brother-in-law, Harajli, were business partners, having co-owned some gas station franchises.  The history between them is the foundation of this case, and so we describe it briefly.  Their business relationship soured, and Harajli began a series of personal attacks against Ajami.  In 2004, Harajli hired two brothers, Husein and Hassan Naser, to go to Ajami's house in Dearborn and assault him.  On November 13, 2004, the Naser brothers beat Ajami with a baseball bat and stole his handgun.  Harajli was charged with assault and conspiracy, but he continued his campaign against Ajami during the pendency of the charges.[1]  On March 7, 2005, Harajli's wife accused Ajami of stalking and ambushing her with a gun, but Dearborn police declined to make an arrest after investigating, as it appeared that Harajli's wife had fabricated the incident.  In the summer of 2005, Harajli asked one of his employees, Ramzi Bazzi, to falsely testify that Ajami had bribed the Naser brothers to say that Harajli had hired them.  During this time, Ajami and Harajli were also involved in civil litigation concerning the dissolution of their business relationship.

On September 2, 2006, Ajami saw a strange man walking around his yard taking photographs of his house.  Ajami put his handgun in his pocket[2] and went to confront the man, who turned out to be Alphonso Walker ("Walker"), a process server working for Harajli's attorney.  During their

---

[1] Harajli was found guilty of both charges at the conclusion of a jury trial on May 17, 2007.

[2] At the time of the incident, Ajami held a concealed-carry permit.

2

verbal exchange, Ajami called 9-1-1. Ajami told the dispatcher that he was holding Walker there until the police could arrive ("No, he can't leave. I hold him right here."), but Walker is heard on the recording telling the dispatcher that he was able to leave ("I can go if I want.").

The first officer to arrive at Ajami's home was Defendant Daniel Saab.[3] Ajami's wife called 9-1-1 again to request a different officer "because this guy is a bad cop." A second officer, Alan Leveille, arrived at the scene shortly thereafter. Leveille stated that when he arrived Ajami and Walker were arguing. The officers asked Ajami if he was armed. According to Leveille, Ajami answered yes, took the gun out of his pocket, and turned it over to Saab. Saab and Leveille arrested Ajami at the scene for felonious assault.

The parties dispute whether Ajami drew his weapon out of his pocket and pointed it at Walker during the confrontation. Walker, in his statement to the police as well as his testimony at Ajami's preliminary hearing, stated that Ajami came out of his front door with a gun in his hand threatening to kill Walker. However, Ajami, his wife, his neighbor, and his neighbor's house guest all state that Ajami never mentioned that he was armed or removed the handgun from his pocket.

Leveille's arrest report indicates that he asked Walker what Ajami's gun looked like, and Walker accurately described it as an "all black semi-auto hand gun." Leveille also asked Walker in which hand Ajami was holding the gun. Walker answered his right hand, and Ajami confirmed that he was right-handed. Defendant submits that this is proof that Ajami had, in fact, pulled the gun on Walker. However, Ajami and his wife allege that Saab, before Leveille arrived, pulled Walker aside

---

[3] Ajami alleges that Saab is related by either blood or marriage to Harajli and that Saab and Harajli have or had some sort of business partnership involving a fast food restaurant.

and told him to say that Ajami had pointed a gun at him, and that Saab knew what the gun looked like because it had been stolen by Harajli, through the Naser brothers, during the 2004 attack.

## B.     Procedural History

Walker pressed charges against Ajami for the incident. After a bench trial on February 26, 2007, Ajami was found not guilty on all charges against him based on the trial court's finding that the state had not proved beyond a reasonable doubt that Ajami carried his weapon off his property. The court did not make a finding as to whether Ajami pointed the gun at Walker.

After his acquittal, Ajami sued a number of persons involved in the incident. All Defendants except Saab have either been dismissed or have been granted summary judgment on the claims against them, and Ajami does not appeal those dispositions. This appeal stems from the district court's denial of Saab's motion for summary judgment based on qualified immunity. The district court denied summary judgment because Ajami had proffered sufficient evidence that "Saab conspired with Walker to fabricate probable cause for Plaintiff's arrest," a violation of his clearly established "Fourth Amendment right to be free from unreasonable seizures." *Ajami v. City of Dearborn*, Civil No. 08-12088, 2010 U.S. Dist. LEXIS 75989, * 31 (E.D. Mich. July 28, 2010).

## II.  DISCUSSION

## A.     Standard of Review

While a denial of summary judgment would not normally be an appealable final decision, a denial of qualified immunity is reviewable as a final decision pursuant to the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985). This Court reviews a district court's denial of a defendant's motion for summary judgment on the grounds of qualified immunity *de novo*.

4

*Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006). However, because of the interlocutory nature of such an appeal, this Court's review is limited to "the abstract or pure legal issue of whether the facts alleged by the plaintiff constitute a violation of clearly established law." *Id*. (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998)) (internal citations omitted).

The defendant may immediately appeal a denial of summary judgment on qualified immunity grounds "if (1) the defendant is a public official asserting qualified immunity, and (2) the issue on appeal is not what facts the parties may be able to prove, but whether the plaintiff's facts, taken at their best, show a violation of clearly established law." *Bishop v. Hackel*, 636 F.3d 757, 764 (6th Cir. 2011) (citations omitted). Importantly, because a motion for summary judgment is viewed in the light most favorable to the plaintiff, a defendant challenging a denial of summary judgment on qualified immunity grounds must be "willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Moldowan v. City of Warren*, 578 F.3d 351, 370 (6th Cir. 2009).

Jurisdiction does not lie when the basis of the defendant's appeal is the district court's determination that genuine issues of material fact are presented for trial. *Gregory*, 444 F.3d at 742 (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). "[I]f the appeal solely disputes triable issues of fact, without raising issues of law, we do not have jurisdiction." *Grawey v. Drury*, 567 F.3d 302, 310 (6th Cir. 2009). A defendant fails to present an issue of law for this Court's review when he relies on his own disputed version of the facts in his appeal. *McKenna v. City of Royal Oak*, 469 F.3d 559, 561 (6th Cir. 2006).

**B.      This Court Lacks Jurisdiction over Saab's Appeal**

Saab is a public official asserting qualified immunity.  Thus, the threshold jurisdictional question is whether Saab challenges the district court's assessment of the material facts still in dispute, or whether he challenges the court's legal application of the qualified immunity standard to those facts.  In his appeal, Saab challenges the district court's denial of summary judgment on two grounds: (1) Ajami's "factual allegations are not supported by any probative evidence," and (2) Ajami's "factual allegations in the present case are objectively implausible in that no reasonable person would believe them."  Neither presents an issue of law for this Court's review.

**1.      Saab's First Issue on Appeal:  Probative Evidence**

Saab first argues that Ajami's factual allegations constitute nothing more than a "scintilla of evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and that even those allegations are "unsupported, conclusory, and speculative."  Specifically, Saab posits that the district court improperly relies on three factual allegations that he presumes govern the litigation: (1) Saab's business and/or familial relationship with Harajli, (2) the fact that Saab instructed Walker to tell police that Ajami pointed a gun at him, and (3) the fact that Saab made a comment to Ajami upon arresting him that he should drop the charges against Harajli.  Having posited the three facts as controlling the case, Saab then seeks to discredit them as not supported by documentary evidence, or only supported by affidavits.

This method of analysis fails.  We do not have jurisdiction to reassess the weight of a plaintiff's evidence where the district court has already construed the facts  in its denial of qualified immunity.  *See Sheets v. Mullins*, 287 F.3d 581, 592 (6th Cir. 2002) (Cole, J., concurring); *cf.*

*Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003) ("In deciding a summary judgment motion,

we cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter

asserted."). In the instant case, the district court found that all the facts on the record, viewed in the

light most favorable to Ajami, were sufficient to create genuine issues of material fact as to the

propriety of Saab's arrest and prosecution of Ajami. It is not within this Court's purview on

interlocutory appeal to selectively reassess the factual record. Thus, we decline to resolve Saab's

first issue on appeal.

### 2. Saab's Second Issue on Appeal: Objective Implausibility

Second, Saab alleges that the facts on the record "do not raise a genuine issue of material

fact" and seeks to present a reviewable challenge by claiming to recite the facts as alleged by Ajami:

> The following is a faithful account of Plaintiff's version of the relevant events of this case: Plaintiff saw Walker trespassing on his property. Plaintiff put a loaded gun in his pocket just before going out to confront Walker. Walker refused to leave his property and the two got in a violent confrontation, but Plaintiff never took his gun out of his pocket or told Walker about the gun. Plaintiff called 911 and told them that he didn't have to give a physical description of Walker because he was holding Walker at his property such that he couldn't leave. Defendant arrived and openly told Walker to falsely claim that Plaintiff pointed a gun at him. When questioned by another police officer, Walker knew exactly [what] Plaintiff's gun looked like and with which hand he held it.[4]

However, recitation of facts is not synonymous with "conced[ing] the most favorable view

of the facts to the plaintiff for purposes of the appeal." *Moldowan*, 578 F.3d at 370. And Saab does

not do so. Instead he argues "[t]here are at least six reasons why Plaintiff's story is manifestly

---

[4] This version of the facts omits many details that support Ajami's claims, and thus it is not a true concession of the facts in the light most favorable to Ajami. However, it concedes the dispositive fact - that Ajami never used his gun to assault Walker.

unbelievable" and "makes no sense." These challenges do not raise issues of law; they are simply challenges to the weight or credibility of evidence. For example, Saab asks, "Why would Plaintiff put a gun in his pocket in preparation for his confrontation with Walker and not even mention the gun during the ensuing violent altercation?" Even though Ajami's version of the facts provides a clear answer - that he took the gun for his own safety - it is irrelevant to our review. It is not within this Court's jurisdiction to reconsider the plausibility of each of Ajami's factual allegations. "[I]f the appeal solely disputes triable issues of fact, without raising issues of law, we do not have jurisdiction." *Grawey v. Drury*, 567 F.3d at 310.

## III. CONCLUSION

For the foregoing reasons, we decline to entertain the merits of Saab's appeal for lack of jurisdiction.