STRANCH, Circuit Judge,
concurring in the judgment.
I agree with much of the reasoning and the outcome of the majority opinion. I write separately to address how. we have jurisdiction over this case in light of the final judgment rule, reflected in 28 U.S.C. § 1291, and its function of protecting the role of trial courts and the efficiency of the appellate system. Specifically, my point concerns our jurisdiction over interlocutory appeals from denials of qualified immunity that involve factual disputes.
We have long recognized that we have jurisdiction to review neat legal questions on interlocutory appeal. In Estate of Carter v. City of Detroit, 408 F.3d 305, 310 (6th Cir. 2005), we explained that if “aside from [any] impermissible arguments regarding disputes of fact, [a] defendant [appealing a qualified immunity denial] also raises the purely legal question of whether the facts alleged ... support a claim of violation of clearly established law, then there is an issue over which this court has jurisdiction.” Id. (quoting Berryman v. Rieger, 150 F.3d 561, 562 (6th Cir. 1998)). But there we also noted another limited area of jurisdiction. Relying on our precedent in two prior cases — Phelps v. Coy, 286 F.3d 295 (6th Cir. 2002), and Beard v. Whitmore Lake School District, 402 F.3d 598 (6th Cir. 2005) — Estate of Carter noted that “this court can ignore the defendant’s attempts to dispute the facts and nonetheless resolve the legal issue, obviating the need to dismiss the entire appeal for lack *376 of jurisdiction.” Estate of Carter, 408 F.3d at 310 (citing Phelps, 286 F.3d at 298-99; Beard, 402 F.3d at 602 n.5). Phelps and Beard provide both the authority for and the parameters governing this proposition. Phelps explains that we have jurisdiction to disregard defendants’ attempts to dispute plaintiffs’ facts only in cases where “the legal issues are discrete from the factual disputes[.]” 286 F.3d at 298. Beard holds that interlocutory jurisdiction over appeals from denials of qualified immunity involving disputed facts only exists where “some minor factual issues are in dispute” and “it does not appear that the resolution of [such] factual issues is needed to resolve the legal issues” also presented. 402 F.3d at 602 n.5; see also Claybrook v. Birchwell, 274 F.3d 1098, 1103 (6th Cir. 2001). If, on the other hand, disputed factual issues are “crucial to” a defendant’s interlocutory qualified immunity appeal, we remain “obliged to dismiss it for lack of jurisdiction.” Phelps, 286 F.3d at 298; see also McKenna v. City of Royal Oak, 469 F.3d 559, 561 (6th Cir. 2006). It is clear in the instant case that Officer Morgan disputes factual issues that are crucial to his interlocutory appeal, therefore we do not have jurisdiction over this ease under the line of cases including Phelps, Beard, Estate of Carter, and McKenna.
There is another limited exception to the final judgment rule, however, that is present in this case. We have recognized that the Supreme Court’s opinion in Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), created a narrow exception to the jurisdictional limitations on interlocutory appeals, allowing courts of appeal to assert interlocutory jurisdiction in qualified immunity appeals where a defendant claims that a “trial court’s determination that a fact is subject to reasonable dispute is blatantly and demonstrably false[.]” Moldowan v. City of Warren, 578 F.3d 351, 370 (6th Cir. 2009) (citation omitted). Because Officer Morgan has made such a claim here, I agree that this court has jurisdiction to hear his appeal, and I respectfully concur in the outcome reached by the majority.