STRANCH, Circuit Judge,
concurring in part and dissenting in part.
I concur in Part I and all but the final paragraph of Part II.A of the majority’s opinion. I respectfully dissent, however, because our cases that define the limits of interlocutory appellate jurisdiction over denials of qualified immunity involving factual disputes — Phelps v. Coy, 286 F.3d 295 (6th Cir. 2002), Beard v. Whitmore Lake School District, 402 F.3d 598 (6th Cir. 2005), Estate of Carter v. City of Detroit, 408 F.3d 305 (6th Cir. 2005), and McKenna v. City of Royal Oak, 469 F.3d 559 (6th Cir. 2006) — show that we lack jurisdiction in this case.
In Estate of Carter, we explained that if “aside from [any] impermissible arguments regarding disputes of fact, [a] defendant [appealing a qualified immunity denial] also raises the purely legal question of whether the facts alleged ... support a claim of violation of clearly established law, then there is an issue over which this court has jurisdiction.” 408 F.3d at 310 (quoting Berryman v. Rieger, 150 F.3d 561, 562 (6th Cir. 1998)). We also noted another limited area of jurisdiction with respect to interlocutory qualified immunity appeals. Relying on our precedent in Phelps and Beard, Estate of Carter noted that “this court can ignore the defendant’s attempts to dispute the facts and nonetheless resolve the legal issue, obviating the need to dismiss the entire appeal for lack of jurisdiction.” Id. (citing Phelps, 286 F.3d at 298-99; Beard, 402 F.3d at 602 n.5). Thus, Estate of Carter derives its authority and its limitations from the precedential principles articulated in Phelps and Beard. Phelps explains that we, have jurisdiction to disregard defendants’ attempts to dispute plaintiffs’ facts only in cases where “the legal issues are discrete from the factual disputes[.]” 286 F.3d at 298. Beard provides that interlocutory jurisdiction over appeals from denials of qualified immunity involving disputed facts.only exists where “some minor factual issues are in dispute” and “it does not appear that the resolution of [such] factual issues is needed to resolve the legal issues” also presented. 402 F.3d at 602 n.5; see also Claybrook v. Birchwell, 274 F.3d 1098, 1103 (6th Cir. 2001). If, on the other hand, disputed factual issues are “crucial” to a defendant’s interlocutory qualified immunity appeal, we remain “obliged to dismiss it for lack of jurisdiction.” Phelps, 286 F.3d at 298. We reiterated these limitations on interlocutory jurisdiction in McKenna, distinguishing our exercise of jurisdiction in Estate of Carter and dismissing the interlocutory appeal in McKenna on the grounds that “the officer-defendants have in fact made no legal argument for qualified immunity which can be extracted from their reliance on disputed facts.” McKenna, 469 F.3d at 562 n.2.
In the instant case, as the majority recognizes, Haskins “flatly disputes [Zuhl’s] evidence and relies on his view of the evidence to argue that his actions were objectively reasonable.” (Majority Op. at 362.) Because Haskins disputes factual issues that are crucial to his interlocutory appeal, I would hold that we lack jurisdic *365 tion over this case and are obliged to dismiss under our precedent.