NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0051n.06

No. 16-6202

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PATTY JELSMA; SHANE JELSMA, )
)
    Plaintiffs-Appellees, )
)
v. )
)
KNOX COUNTY, TENN.; J.J. JONES, )
Individually and in his official capacity as )   ON APPEAL FROM THE UNITED
Sheriff of Knox County, Tenn., )   STATES DISTRICT COURT FOR
)   THE EASTERN DISTRICT OF
    Defendants, )   TENNESSEE
)
and )
)
BRADLEY COX, Individually and in his )
official capacity as officer of the Knox County )
Sheriff's Department, )
)
    Defendant-Appellant. )

**FILED**
Jan 20, 2017
DEBORAH S. HUNT, Clerk

 

BEFORE: MERRITT, MOORE, and STRANCH, Circuit Judges.

PER CURIAM. Officer Bradley Cox brings this interlocutory appeal from the district court's order denying him qualified immunity on Patty Jelsma's excessive force claim filed under 42 U.S.C. § 1983.

On July 28, 2013, Officer Cox and another officer responded to a report of a domestic disturbance at the home of Jelsma's mother. When the officers arrived, Jelsma came out of the house and stood next to her vehicle. Officer Cox interviewed Jelsma, who began to record their interaction with her cell phone. Jelsma asserted that, without provocation, Officer Cox grabbed her and forced her to the ground, causing severe pain in her arms and wrists and injuries to her

hip and ankle. Officer Cox charged Jelsma with domestic assault, disorderly conduct, and resisting arrest. Those charges were later dismissed.

Jelsma subsequently filed this action asserting § 1983 claims for excessive force and false arrest and state-law tort claims for reckless infliction of emotional distress and assault and battery against Officer Cox, as well as § 1983 and state-law tort claims against Sheriff J.J. Jones and Knox County. Jelsma's husband brought a loss of consortium claim. After the district court dismissed Jelsma's claims against Sheriff Jones, Officer Cox and Knox County filed a motion for summary judgment. Granting the motion in part, the district court concluded that Officer Cox was entitled to qualified immunity on Jelsma's false arrest claim. The district court otherwise denied the motion, determining in relevant part that a triable issue of fact existed as to whether Officer Cox used excessive force in arresting and handcuffing Jelsma and that he was not entitled to qualified immunity on her excessive force claim. This interlocutory appeal followed.

"A denial of a claim of qualified immunity is immediately appealable only if the appeal is premised not on a factual dispute, but rather on 'neat abstract issues of law.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Johnson v. Jones*, 515 U.S. 304, 317 (1995)). "Accordingly, a defendant must essentially 'concede the most favorable view of the facts to the plaintiff for purposes of the appeal,' and limit his argument to questions of law premised on facts taken in the light most favorable to the plaintiff." *Id.* (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998)). To the extent that a defendant's arguments regarding qualified immunity "rely exclusively on a disputed version of the facts, this court does not have jurisdiction to consider [the] appeal." *McKenna v. City of Royal Oak*, 469 F.3d 559, 561 (6th Cir. 2006).

On appeal, Officer Cox argues that Jelsma's cell phone video contradicts her assertion that he used force without provocation. Officer Cox contends that the video establishes that Jelsma was not complying with his lawful orders to produce identification and that she turned away from him after placing her cell phone near his chest. According to Officer Cox, Jelsma's conduct in turning away from him and toward her vehicle could be interpreted by a reasonable police officer as an effort to leave the scene, to prevent or obstruct his investigation, or to retrieve a weapon. However, the video does not conclusively show that Jelsma turned away from Officer Cox and toward her vehicle. The video, after focusing on Officer Cox's name tag on his chest, shows Officer Cox stepping toward the camera. The video moves, shakily recording the ground and a vehicle, and eventually goes dark. The video shows that the *camera* turned toward the vehicle; it does not necessarily establish that Jelsma turned away from Officer Cox and toward her car.[1] To the extent that Officer Cox's first argument hinges on our acceptance of his version of the facts, we lack jurisdiction over his appeal. *See id.* at 561–62.

Even under Jelsma's version of the facts, Officer Cox argues that he is entitled to qualified immunity because he did not violate any "clearly established" right. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Jelsma claims that Officer Cox violated her right to be free from excessive force during her arrest when he forced her to the ground "without any provocation." The district court correctly held that a reasonable officer would have been "on notice" that such an act amounted to a constitutional violation. This court has repeatedly acknowledged that "people who pose no safety risk to the police [have a right] to be free from

---

[1] In a footnote addressing Jelsma's false arrest claim, the district court found that Officer Cox had probable cause to arrest Jelsma for resisting arrest, stating: "When viewing the evidence in the light most favorable to plaintiff, Officer Cox still had reasonable grounds to believe that plaintiff, in turning toward her vehicle when Officer Cox moved toward her, was attempting to prevent him from arresting her." Again, the video does not conclusively show that Jelsma turned toward her vehicle.

gratuitous violence during arrest" absent extenuating circumstances. *Shreve v. Jessamine Cty. Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006); *see also Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) ("Under this circuit's existing case law, there undoubtedly is a clearly established legal norm precluding the use of violent physical force against a criminal suspect who already has been subdued and does not present a danger to himself or others."); *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004); *Burchett v. Kiefer*, 310 F.3d 937, 946 (6th Cir. 2002) ("We have long recognized, for instance, that the Fourth Amendment permits detention using only 'the least intrusive means reasonably available.'" (quoting *United States v. Sanders*, 719 F.2d 882, 887 (6th Cir. 1983)). Since we are reviewing denial of a motion for summary judgment, we assume the truth of Jelsma's allegation that Officer Cox acted without provocation. *See Phillips*, 534 F.3d at 538. Accordingly, we reject Officer Cox's argument and hold that his actions—as alleged by Jelsma—were contrary to clearly established law at the time of the arrest.

For these reasons, we **AFFIRM** the district court's order denying Officer Cox's motion for summary judgment on Jelsma's § 1983 claim for excessive force.